504

**BOLDEN, Plaintiff-Appellant, v. MENTOR LAGOONS, INC., et al., Defendants-Appellees.**

Ohio Appeals, Seventh District, Lake County.

No. 632. Decided December 24, 1959.

Dachman & Dachman, Cleveland, for plaintiff-appellant.
Albert C. Nozik, Euclid, for defendants-appellees.

## OPINION

Per CURIAM.

On May 19, 1959, the Court of Common Pleas made the following order:—

"On motion made by the defendants, Mentor Lagoons, Inc., and Suburban Construction Company, for judgment upon the pleadings and the opening statement of counsel, the court finds that said motion is well taken and that there is no cause of action stated in the petition against the defendants herein, and does hereby order, adjudge and decree that judgment on the petition be rendered for defendants and that the lien asserted by the plaintiff is hereby released and discharged.

"Upon the motion of the plaintiff for judgment for plaintiff on the opening statement of the defendant Mentor Lagoons, Inc., on the cross-petition of Mentor Lagoons, Inc., the court finds that said motion is well taken and that there is no cause of action stated in the cross petition against the plaintiff. It is therefore ordered, adjudged and decreed that judgment is hereby rendered upon the cross-petition of Mentor Lagoons, Inc., in favor of the plaintiff.

"Each party to pay their own costs.

"Exception noted for the defendant Mentor Lagoons, Inc., and for the plaintiff Jesse P. Bolden.

"No record."

Notice of appeal was filed by plaintiff on June 8, 1959.

The action is for the foreclosure of a Mechanic's Lien. No bill of exceptions is before this court. The only matters are the pleadings and original papers, but it does appear from the court's journal that opening statements were made by counsel for plaintiff and defendants.

Appeal was taken to this court on questions of law. The plaintiff-appellant assigns as errors committed by the trial court the following:—

(1) The court of common pleas erred in dismissing the petition.

(2) The judgment and decree of the trial court was contrary to law.

The record before us indicates that the court on its docket did dismiss the plaintiff's petition. However, the journal entry entered judgment on the petition in favor of defendants and released and discharged the lien, and further ordered that on the cross-petition judgment be rendered in favor of the plaintiff.

A court speaks by its journal, not by its docket. Therefore, the journal is controlling and contains the actual decision of the court.

Sec. 2311.041 R. C., provides:—

"Summary judgment may be granted in a civil action as provided in this section.

"(A) A party seeking to recover upon a cause of action or counterclaim or to obtain a declaratory judgment, or a party against whom a cause of action or counterclaim is asserted or a declaratory judgment is sought, may, at any time after the action is at issue, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * *."

The rest of this section sets forth the proper procedure for obtaining a summary judgment.

This would be authority for the court's action had it been in effect at the time of this trial, but it did not become effective until November 9, 1959. Prior to that date the court had no authority by statute to enter summary judgment in this situation.

However, entirely apart from statutory authority, it has long been recognized in Ohio that the court has inherent power to enter judgment at this stage of a case. See 39 O. Jur., Section 225. Section 228 of the same volume points out that, if a motion for judgment is made after opening statements, the court must permit the party against whom the motion is made to "explain and qualify his statement and make any proper additions thereto" if he so desires.

The meager record before us does not show whether or not appellant expressed such a desire or whether or not the court permitted any further statement. In this state of affairs, we must presume that the court did that which he should have done.

Hearing in this court is on what is labeled a "motion to affirm judgment of the court of common pleas." This is an unusual and peculiar motion. The only interpretation that we can put on such a motion is that it is a motion asking this court to decide the appeal in favor of defendant-appellee. In other words, they ask the court to decide the appeal on its merits  Such a motion is unnecessary, since that is the purpose of this court and this appeal. Therefore we consider the case as submitted on its merits.

506

For the reason stated above, the judgment of the trial court is affirmed.

GRIFFITHS, PJ, PHILLIPS and DONAHUE, JJ, concur.